Núm. 8324.—GREER, aplte. v. PÉREZ, apldo.—C. D. San Juan. ▆▆▆▆▆▆▆ Junio 10, 1941.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

VISTA la moción radicada por el demandado apelado, solicitando se desestime el recurso por el alegado fundamento de que la transcripción de autos fué radicada en la Secretaría de esta Corte Suprema después de la expiración del término legal de treinta días contado desde la fecha en que se radicó el escrito de apelación, sin que se hubiese obtenido una prórroga de dicho término;

POR CUANTO, de los autos aparece que el escrito de apelación fué radicado el día 18 de enero de 1941; que el 17 de febrero de 1941, fecha en que vencía el plazo de 30 días para la radicación de la transcripción de autos, el demandante solicitó una prórroga de 15 días para hacer dicha radicación; que por resolución de febrero 18 de 1941 se concedió al demandante apelante hasta el día 20 de marzo de 1941 para radicar ante esta corte la transcripción de autos; y, por último, que dicha transcripción fué radicada dentro del plazo concedido al apelante, de lo cual se dió oportuno aviso al abogado del demandado apelado.

POR LO TANTO, se declara no haber lugar a la desestimación solicitada.

### (b) FALTA DE DILIGENCIA O BUENA FE EN LA TRAMITACIÓN DEL RECURSO.

Núm. 8308.—LEÓN PARRA, apldo. v. COLÓN ROSICH, aplte.—C. D. Ponce. ▆▆▆▆▆▆▆▆▆▆▆▆ Marzo 4, 1941.

(Por la Corte, a propuesta del Juez Presidente Sr. Del Toro.)

A las mociones de desestimación de la parte apelada, original y complementaria, vista la oposición de la parte apelante, oídos los informes de los abogados de ambas partes en la tarde de ayer, examinados los autos y atendidas todas las circunstancias concurrentes inclusa la manifestación del abogado de la parte apelada con respecto a que de no poder prosperar su petición estaría conforme en que se concediera a la parte apelante un término perentorio para ultimar el perfeccionamiento de su recurso y la aceptación del abogado de dicha parte, se declaran sin lugar dichas mociones con permiso de reproducir la petición a no ser que el taquígrafo presente, como se ha comprometido a presentar, la transcripción de la evidencia el 10 de marzo en curso en la Secretaría de la Corte de Distrito de Ponce y que deje de imprimirse de ahí en adelante la actividad necesaria a fin de que el récord quede debidamente radicado en la Secretaría de esta Corte Suprema dentro de los términos de ley.